IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HERMAN LEMUSU, | ) | Civ. No. 09-00549 HG-LEK |
|---|---|---|
| Petitioner, | ) | Cr. No. 02-00130-01 HG |
| vs. | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITIONER HERMAN LEMUSU'S HABEAS CORPUS PETITION AS UNTIMELY (DOC. 298).**

On April 11, 2002, a Grand Jury issued an Indictment charging Petitioner Herman Lemusu ("Petitioner"). (Doc. 9). On March 20, 2003, a Grand Jury issued a Third Superseding Indictment charging the Petitioner with six counts related to the distribution of 50 grams or more of methamphetamine, and money laundering in connection with such distribution. (Doc. 88). On April 18, 2003, after a jury trial, the Petitioner was convicted by a jury on all six counts. (Doc. 124). On December 1, 2003, the Court sentenced Petitioner. (Doc. 167). The procedural history herein provides a more detailed history of the case following sentencing.

On November 16, 2009, Petitioner filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2255. (Doc. 298). On January 6, 2010, the Court issued an Order denying the Petition as untimely.

1

(Doc. 303). On January 26, 2010, Petitioner filed a Motion to Alter or Amend the Court's Order, arguing that grounds for equitable tolling were present that made his Habeas Corpus Petition timely. (Doc. 304). On February 11, 2010, the Court issued an Order that considered Petitioner's grounds for equitable tolling, and denied the Motion. (Doc. 305).

On April 2, 2012, the Ninth Circuit Court of Appeals issued a Mandate reversing the District Court's Order denying the Habeas Corpus Petition, and remanding to provide Petitioner with an opportunity to present his position on the timeliness of his Petition. (Doc. 322). On remand, the Petitioner contends that his Petition was timely listing three grounds for equitable tolling of the statute of limitations. Petitioner points to the same grounds for equitable tolling that he previously set forth in his Motion to Alter or Amend. After a thorough review of the Petitioner's position, the Court finds Petitioner has failed to establish grounds for equitable tolling. Petitioner's Habeas Corpus Petition (Doc. 298) is **DENIED** as untimely.

**PROCEDURAL HISTORY**

On April 11, 2002, the Government filed an Indictment against Petitioner Herman Lemusu. (Doc. 9).

On March 20, 2003, the Government filed a Third Superseding Indictment containing six counts. (Doc. 88).

On April 18, 2003, after a jury trial, the Petitioner was convicted by a jury of conspiring to distribute 50 grams of more of methamphetamine and multiple counts of money laundering. (Doc. 124).

On December 1, 2003, the Court sentenced Petitioner. (Doc. 167).

On December 11, 2003, Petitioner filed a Notice of Appeal. (Doc. 170).

On June 9, 2005, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction, but remanded to allow the District Court an opportunity to consider resentencing Petitioner in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). (Doc. 191).

On August 17, 2005, the Court issued an Order declining to resentence Petitioner and adopting the sentencing judgment of December 10, 2003. (Doc. 204).

On September 6, 2005, Petitioner filed a Notice of Appeal of the Court's Order declining to resentence Petitioner. (Doc. 206).

On April 16, 2007, the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari. (Doc. 304-1).

On May 4, 2007. the Ninth Circuit Court of Appeals affirmed the District Court's Order declining to resentence Petitioner on remand. (Doc. 261).

On September 22, 2008, the Ninth Circuit Court of Appeals issued a Mandate dismissing Petitioner's subsequent August 11,

2008 Appeal, which was the last in a series of appeals of his sentence and of orders denying motions relating to his sentence. (Doc. 296).

On November 16, 2009, Petitioner Herman Lemusu filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2255. (Doc. 298).

On January 6, 2010, the Court issued an Order denying the Habeas Corpus Petition as time-barred. (Doc. 303).

On January 26, 2010, Petitioner filed a Motion to Alter or Amend the Court's Order Denying his Habeas Corpus Petition. (Doc. 304).

On February 11, 2010, the Court issued an Order Denying Petitioner's Motion to Alter or Amend. (Doc. 305).

On February 22, 2010, Petitioner filed a Notice of Appeal of the Court's Order Denying his Motion to Alter or Amend. (Doc. 306).

On May 17, 2010, the Ninth Circuit Court of Appeals issued an Order directing the Court to issue or decline to issue a certificate of appealability. (Doc. 310).

On July 6, 2010, the Court issued an Order Denying a Certificate of Appealability. (Doc. 311).

On July 19, 2010, Petitioner filed a Notice of Appeal of the Court's Order Denying a Certificate of Appealability. (Doc. 312).

On February 7, 2012, the Ninth Circuit Court of Appeals

issued an Order Vacating the Court's January 6, 2010 Order Denying Petitioner's Habeas Petition, and Remanding to offer Petitioner an opportunity to present his position on the Court's finding that his Habeas Corpus Petition was untimely. (Doc. 317).

On March 12, 2012, Petitioner filed a Motion to Expedite Ruling on his Habeas Petition and Request for Instructions on how to Proceed. (Doc. 318).

On March 16, 2012, the Court issued a Minute Order denying the Motion as premature because the Ninth Circuit Court of Appeals' Mandate had not yet issued. (Doc. 320).

On April 2, 2012, the Ninth Circuit Court of Appeals issued a Mandate making its February 7, 2012 Order effective. (Doc. 322).

On April 13, 2012, the Court issued a Minute Order directing the Petitioner to file a brief setting forth his position on the timeliness of his Petition for Habeas Corpus, and allowing the Government an opportunity to respond and the Petitioner an opportunity to reply. (Doc. 324).

On April 20, 2012, Petitioner filed a document entitled, "SECOND NOTICE OF MOVANT'S POSITION WITH RESPECT TO TIMELINESS OF TITLE 28 U.S.C. § 2255 MOTION; REQUEST FOR INSTRUCTION; AND MOTION TO EXPEDITE PURSUANT TO MANDATE OF NINTH CIRCUIT COURT OF APPEALS." (Doc. 325).

On April 27, 2012, the Court issued a Minute Order granting

the Petitioner's request for instructions, and explaining to the Petitioner that he has been given an opportunity to file a brief that explains why his Petition was timely. (Doc. 327).

On May 1, 2012, Petitioner filed a document entitled, "MOVANT HERMAN G. LEMUSU'S BRIEF SHOWING CAUSE THAT HIS TITLE 28 U.S.C. § 2255 MOTION [DOC. #298] IS TIMELY." (Doc. 329).

On June 8, 2012, the Government filed a Response. (Doc. 332).

On July 2, 2012, Petitioner filed a Reply. (Doc. 334).

Pursuant to Local Rule 7.2(d), the Court elected to decide the matter without a hearing.

## BACKGROUND

The Petitioner was first indicted by a Grand Jury in this matter on April 11, 2002. (Doc. 9). On March 20, 2003, the Government filed a Third Superseding Indictment that charged Petitioner with six counts. (Doc. 88). Count 1 charged Petitioner with conspiracy to distribute 50 grams or more of methamphetamine, Count 2 charged Petitioner with conspiracy to launder money, Count 3 charged Petitioner with distributing 50 grams or more of methamphetamine, and Counts 4, 5, and 6 charged Petitioner with money laundering. (Doc. 88).

On April 18, 2003, after a jury trial, Petitioner was convicted of all six counts. (Doc. 125). On December 1, 2003,

6

the Court sentenced Petitioner to 360 months imprisonment for the methamphetamine counts, and 240 months imprisonment for the money laundering counts, with the terms to run concurrently. (Doc. 167). The Court also sentenced Petitioner to 5 years of supervised release as to the methamphetamine counts, and 3 years as to the money laundering counts, with the terms to run concurrently. (Id.).

**STANDARD OF REVIEW**

The Ninth Circuit Court of Appeals remanded the action to allow the Petitioner an opportunity to establish his position on the timeliness of his Habeas Corpus Petition. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus relief must be filed within one year after the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevent from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); Woodford v. Garceau, 538 U.S. 202, 205 (2003). Petitioner does not dispute that his Habeas Corpus Petition was filed after the one-year statute of limitations expired, but contends he is entitled to equitable tolling.

AEDPA's one-year statute of limitations is subject to equitable tolling. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). The "threshold necessary to trigger equitable tolling," however, "is very high, lest the exceptions swallow the rule." Sptisyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal citation and quotation marks omitted). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (quoting Holland v. Forida, 130 S.Ct. 2549, 2562 (2010)) (internal quotation marks omitted). The burden of showing that the statute of limitations should be tolled is on the petitioner. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

## ANALYSIS

The Court of Appeals reversed the Court's denial of Petitioner's Habeas Petition as untimely and remanded with the instruction that Petitioner be given an opportunity to argue the timeliness of his Petition. Petitioner does not dispute that his

Habeas Petition is time-barred by AEDPA unless he can show there are grounds for equitable tolling. Petitioner maintains that he is entitled to equitable tolling of the statute of limitations.

Petitioner bears the burden of showing that the statute of limitations should be equitably tolled. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (internal citation omitted). Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Id. at 1066 (internal citation omitted). For equitable tolling to be appropriate, a Section 2255 movant must establish both: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (citing Holland v. Florida, 130 S.Ct. 2549, 2562 (2010)).

Petitioner argues that the statute of limitations should be equitably tolled for three reasons: (1) his placement in segregated housing within the prison, also called administration segregation, prevented him from filing his § 2255 Motion earlier, (2) he was prejudiced by his reliance on a prior order of this Court, and (3) he relied on inadequate legal assistance from a fellow inmate.

Review and analysis of Petitioner's arguments do not support a finding that he was unable to file his § 2255 Motion within the

one-year statute of limitations or that any "extraordinary circumstances" existed. He is not entitled to equitable tolling.

### A. **Petitioner's placement in segregation is not an "extraordinary circumstance" which entitled him to equitable tolling.**

Petitioner argues that the statute of limitations should be tolled from February 2008 through November 2008, a period when Petitioner was placed in segregated housing, with allegedly inadequate access to legal assistance. The Ninth Circuit Court of Appeals addressed a similar situation in Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009). The petitioner in Ramirez sought equitable tolling for a period of time when he was confined to segregated housing within the prison, with limited access to the law library and copy machine. Id. at 998. The appellate court refused to toll the statute of limitations "for the duration of any and every prisoner's stay in administrative segregation," concluding that such a rule "would permit the exception to swallow the rule." Id.

Petitioner here claims that his confinement in segregated housing prevented him from filing the § 2255 Motion. During this same time period, while he was in segregated housing, Petitioner filed substantial legal documents in another lawsuit. On July 8, 2008, Petitioner filed a prisoner civil rights complaint in the United States District Court for the District of Columbia: Herman

Lemusu v. Department of Justice, et. al., Civil No. 08-01179 (D. D.C. July 8, 2008). On July 28, 2008, Petitioner filed a motion for reconsideration, (Id. at Doc. 5), and on September 19, 2008, Petitioner filed a notice of appeal, (Id. at Doc. 7). The petitioner in Ramirez, as here, also filed legal documents in a separate lawsuit, without offering an explanation of how or why segregation made it impossible to file a timely habeas petition. The appellate court had "little difficulty" determining that Ramirez was not entitled to equitable tolling during that time period. 571 F.3d at 998.

Petitioner here is not entitled to equitable tolling for the time period that he was in segregated housing. Petitioner has not established that the segregation caused the untimely filing of his Habeas Petition because while in segregation he managed to file several legal documents in a different lawsuit. Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (In the context of section 2255 motions, equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.").

### B. Petitioner's claim of misinterpretation of the Court's July 9, 2007 Order is not an "extraordinary circumstance."

On June 25, 2007, Petitioner filed a motion entitled, "Request For Relief Under Federal Rules Of Civil Procedure, Rule

60(b)(4) And Relief From Fraud On Behalf Of Court" ("Rule 60(b) Request"). (Doc. 263). In Petitioner's Rule 60(b) Request, he argued that the Court improperly made factual determinations to increase Defendant's sentence, when such factual determinations should have been made by a jury. On July 9, 2007, the Court filed a written order denying Petitioner's Rule 60(b) Request. (Doc. 265).

Petitioner claims that he did not file his Habeas Corpus Petition on time because he believed, based on language in the Court's Order denying his Rule 60(b) Request, that the Petition would be considered untimely. Petitioner quotes the July 9, 2007 Order, wherein it states:

> To the extent Defendant intends to file a request for habeas relief pursuant to 28 U.S.C. § 2255, he has not made his intentions to do so clear. Even if Defendant had filed a motion pursuant to 28 U.S.C. § 2255 on the same grounds as raised in his Rule 60(b) Request, it would be dismissed as both untimely and frivolous.

(July 9, 2007 Order at p. 5).

Petitioner ignores the plain language of the Court's July 9, 2007 Order and quotes a brief passage of it out of context. In his Rule 60(b) Request, Petitioner argued that the Court improperly made factual determinations to increase his sentence. The Order denying Petitioner's Rule 60(b) Request points out that the Court issued an Order declining to resentence Petitioner on August 17, 2005, but Petitioner did not file his Rule 60(b) motion until June 25, 2007, nearly two years later. As such, the

12

motion was long time-barred because it was not filed within one year or within a reasonable time, as required by Rule 60(b)(4).

Moreover, Petitioner previously raised the same issue before the Ninth Circuit Court of Appeals in Petitioner's direct appeal of his conviction and sentence. In a July 1, 2005 Memorandum Opinion resolving Petitioner's direct appeal of his conviction and sentence, the Court of Appeals squarely considered and rejected Petitioner's argument that he was unconstitutionally sentenced based on facts not found by a jury, stating:

> The district judge enhanced Herman Lemusu's sentence on the basis of judge-found facts that were not set forth in the indictment, proven to the jury beyond a reasonable doubt, nor admitted by Herman. . . . We remand Herman's sentence to the district court for the district court to determine whether it would have sentenced Herman differently under an advisory Guidelines system. . . . If not, Herman's sentence shall remain undisturbed.

(July 1, 2012 Memorandum Opinion of Ninth Circuit Court of Appeals (Doc. 191)).

The Court of Appeals again considered and rejected the same argument when resolving Petitioner's appeal of the District Court's Order declining to resentence him. The Court of Appeals' December 4, 2006 Memorandum Opinion stated:

> Lemusu contends that his original base offense level was impermissibly increased by six points based on facts not found by a jury and therefore, the district court erred when it declined to re-sentence him on remand. This contention is foreclosed. See <u>Ameline</u> 409 F.3d at 1077-78, 1084-85.

(December 4, 2006 Memorandum Opinion of Ninth Circuit Court of

Appeals (Doc. 261)).

A claim that was previously raised and rejected in a direct appeal generally cannot be re-litigated in a subsequent habeas corpus petition. See Withrow v. Willliams, 507 U.S. 680, 721 (1993) ("absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal."); United States v. Ringgold, 2007 WL 634047, at *2 (D. Nev. Feb. 27, 2007) ("review under § 2255 is not available as to claims previously rejected on their merits on direct appeal . . . [unless] there is an intervening change in the law or other countervailing equitable considerations.").

In this context, the Court's Order states that a motion pursuant to § 2255 would be untimely if brought **"on the same grounds** as raised in his Rule 60(b) Request." (emphasis added) Petitioner's Rule 60(b) Request challenged whether the Court rather than a jury could properly make factual determinations to increase Defendant's sentence. Petitioner's subsequent § 2255 Motion, filed on November 16, 2009, was based on completely different grounds. Petitioner's actual § 2255 Motion claimed that: (1) his attorney provided ineffective assistance of counsel by failing to challenge the criminal complaint, (2) his attorney provided ineffective assistance of counsel by failing to challenge Petitioner's confession, and finally (3) that

14

Petitioner is not guilty of money laundering in light of <u>United States v. Santos</u>, 128 S.Ct. 2020 (2008).

Petitioner's alleged reliance on the Court's July 9, 2007 Order ignores the Order's plain language and was not reasonable. The Court's July 9, 2009 Order stated only that a § 2255 petition would be untimely if brought on the same grounds as Petitioner's Rule 60(b) Motion—grounds that Petitioner had already presented to the Court of Appeals twice and which the Court of Appeals twice rejected—not if brought on entirely different grounds. Petitioner fails to show "extraordinary circumstances" on which to toll the statute of limitations.

**C.   Reliance on an inmate's inadequate legal assistance does not constitute an "extraordinary circumstance".**

Petitioner argues that he was provided inadequate legal assistance from prison staff and forced to rely on inadequate legal assistance from a fellow inmate. Petitioner contends he had to rely on assistance from an inmate whose only legal knowledge concerned the Uniform Commercial Code.

Petitioner's alleged reliance on assistance from a fellow inmate does not entitle him to equitable tolling. In <u>Miranda v. Castro</u>, the Ninth Circuit Court of Appeals recognized that individuals do not have a constitutional right to the assistance of counsel for discretionary, post-conviction habeas relief. 292 F.3d 1063, 1069 (9th Cir. 2002). Without a right to counsel,

there is no right to "effective" assistance by a fellow inmate. Id. Although prison authorities are required to provide prisoners "with adequate law libraries or adequate assistance from persons trained in the law," such assistance does not extend to providing counsel on a post-conviction habeas corpus petition. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Petitioner does not allege that prison authorities failed in these duties. Instead, he maintains that he was not provided with legal advice when preparing his Habeas Corpus Petition, and was forced to rely on the advice of a fellow inmate. Prisoners have no right to legal advice for a habeas petition. Miranda, 292 F.3d at 1069. Reliance on inadequate legal advice from a fellow inmate does not provide grounds for equitable tolling. Id.; see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (even "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

## CONCLUSION

Petitioner has not demonstrated "extraordinary circumstances" on which to base equitably tolling the statute of limitations or that he has "been pursuing his rights diligently." Buckles, 647 F.3d at 889. Equitable tolling is limited to situations in which "extraordinary circumstances beyond a

prisoner's control make it *impossible* to file a petition on time," Brambles, 330 F.3d at 1202 (emphasis added), and it "is justified in few cases," Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner filed his Appeal of the Court's Order declining to resentence him on October 24, 2005. The Ninth Circuit Court of Appeals issued a Mandate affirming the District Court's Order on May 4, 2007, following the denial of Petitioner's writ of certiorari. Petitioner's one-year deadline to file a Habeas Corpus Petition expired on May 5, 2008. Petitioner did not file his Habeas Corpus Petition until November 16, 2009, more than a year and a half after the deadline expired. His § 2255 Motion is barred by AEDPA's one-year statute of limitations.

Petitioner Lemusu's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, filed November 16, 2009, (Doc. 298), is **DENIED** as untimely.

IT IS SO ORDERED.

Dated: August 9, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Herman Lemusu v. United States; Civil No. 09-00549 HG-LEK; Crim. No. 02-00130-01 HG; **ORDER DENYING PETITIONER HERMAN LEMUSU'S HABEAS CORPUS PETITION AS UNTIMELY (DOC. 298).**